UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Martin J. Walsh, Secretary of Labor, United States Department of Labor, | Civil No. 21-2144 (DWF/TNL) |
| Plaintiff, | |
| v. | **CONSENT ORDER AND JUDGMENT** |
| White Stone Construction, Inc., Andrew Basara, John Peterson, and The White Stone Construction, Inc. 401(k) Plan, | |
| Defendants. | |

This matter is before the Court on the parties' Joint Motion for Entry of Consent Order and Judgment. (Doc. No. 11). The Court having consider the Motion, hereby finds and concludes as follows:

Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor ("Secretary"), pursuant to the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §1001, et seq., filed a complaint against defendants White Stone Construction, Inc. ("White Stone"), Andrew Basara, and John Peterson alleging breaches of their fiduciary responsibilities under ERISA §§ 403, 404, and 406, with respect to the White Stone Construction, Inc. 401(k) Plan ("Plan").[1]

---

[1] The Plan is named as a defendant herein pursuant to Federal Rule of Civil Procedure 19(a) solely to assure that complete relief can be granted.

Defendants White Stone Construction, Inc., Andrew Basara, John Peterson, and the Plan having waived service of process and answer of the complaint and admitting to the jurisdiction of this Court over them and the subject matter of this action.

The Secretary and Defendants have agreed to resolve all matters in controversy in this action between them including the penalty pursuant to ERISA § 502(*l*), 29 U.S.C. § 1132(*l*), and any proceedings related thereto, and said parties do now consent to entry of a Consent Order and Judgment by this Court in accordance therewith.

Upon consideration of the record herein, and as agreed to by the parties, the Court finds it has jurisdiction to enter this Consent Order and Judgment.

**IT IS HEREBY ORDERED** that:

1. The parties' Joint Motion for Entry of Consent Order and Judgement (Doc. No. [11]) is **GRANTED.**

2. Defendants White Stone Construction, Inc., Andrew Basara, and John Peterson are **PERMANENTLY ENJOINED AND RESTRAINED** from violating the provisions of Title I of ERISA, 29 U.S.C. §1001 *et seq*.

3. Defendants White Stone, Andrew Basara, and John Peterson are jointly and severally liable to the Plan in the amount of $13,476.67.

4. Defendants White Stone, Andrew Basara, and John Peterson shall restore $13,476.67 to the Plan upon their execution of this agreement. This Plan restoration represents all the outstanding delinquent employee contributions owed to the Plan participants' during the period of March 8, 2019 through at least May 31, 2019, plus lost opportunity costs.

5. Once the restoration funds, paid pursuant to paragraph 2 above, are received by Transamerica, the Plan's asset custodian, Defendants White Stone, Andrew Basara, and John Peterson shall direct Transamerica to credit the restoration monies to the individual investment accounts of the Plan participants, who: (1) were employees of White Stone; (2) Plan participants during the period March 8, 2019 through at least May 31, 2019; (3) had voluntary employee contributions withheld from their pay for contribution to the Plan during this period and such contributions not remitted to the Plan; and (4) who have not received a distribution of their full vested account balance as of the date of the entry of this Consent Order and Judgment. The Defendants shall ensure $11,864.72 is allocated to the individual investment accounts of the Plan participants in an amount equal to unremitted employee contributions owed to each Plan participant. Lost opportunity costs in the amount of $1,611.95 shall be allocated to each Plan participant based on the percentage of the amount due to them for unremitted employee contribution.

6. Defendants White Stone, Andrew Basara, and John Peterson shall provide satisfactory proof of the loss restoration described in Paragraph 3 above to Mark Underwood, the Acting EBSA Regional Director, 2300 Main Street, Suite 1100, Kansas City, MO 64108-2415 ("EBSA Regional Director") within 10 calendar days following restoration of the amounts referenced herein.

7. Defendants White Stone, Andrew Basara, and John Peterson shall provide satisfactory proof of the allocations described in Paragraph 4 above to the EBSA

Regional Director at the address referenced above within 30 calendar days following the loss restoration.

8.	Defendants White Stone, Andrew Basara, and John Peterson shall initiate the termination of the Plan in accordance with ERISA within 45 calendar days following restoration of the amounts referenced herein.  Their responsibilities shall include, but not be limited to, causing the distribution of the Plan's assets to the plan participants and filing all appropriate documents with the various government agencies.  In accordance with the Plan's governing documents, any expenses related to the termination of the Plan can be paid out of the assets of the Plan.  Within 60 days of the entry of this Consent Order and Judgment, Defendants White Stone, Andrew Basara, and John Peterson shall provide satisfactory proof of such termination to the EBSA Regional Director.

9.	Upon restoration of the amount in paragraph 3 above, the Secretary shall assess a total penalty under ERISA § 502(l), 29 U.S.C. § 1132(l), of $2,695.33[2] on the Defendants. Pursuant to 502(l), 29 U.S.C. § 1132(l)), Defendants shall pay the penalty of $2,695.33 by sending a certified or cashier's check to:

> U.S. Department of Labor
> ERISA Civil Penalty
> P.O. Box 71360
> Philadelphia, PA 19176-1360.

---

[2]	The Secretary's 502(l) penalty assessment is based on an "applicable recovery amount" of $13,476.67, which includes all restorations made pursuant to this Consent Order and Judgment.

The certified or cashier's check referenced in this paragraph shall be made payable to the "United States Department of Labor" and will reference EBSA Case No. 60-108645.

10. Defendants White Stone, Andrew Basara, and John Peterson shall be permanently enjoined from serving or acting as a fiduciary or service provider with respect to employee benefit plans subject to ERISA, except to the extent necessary for Defendants White Stone, Andrew Basara, and John Peterson to restore losses owed to the Plan participants pursuant to this Consent Order and Judgment and the Plan's termination identified in paragraph 7 above.

11. Each party agrees to bear his or its own attorneys' fees, costs and other expenses incurred by such party in connection with any stage of this proceeding to date including, but not limited to, attorneys' fees which may be available under the Equal Access to Justice Act, as amended.

12. The Court shall retain jurisdiction over this matter only for purposes of enforcing this Consent Order and Judgment.

13. Nothing in this Order is binding on any government agency other than the United States Department of Labor.

Dated: March 22, 2022                    s/Donovan W. Frank
                                          DONOVAN W. FRANK
                                          United States District Judge

The parties hereby consent to the entry of this consent order and judgment:

**FOR THE SECRETARY OF LABOR:**

**SEEMA NANDA**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor


/s/ Mark H. Ishu                              DATED: 3/10/2022
**MARK H. ISHU**
Trial Attorney

**P.O. ADDRESS:**
Office of the Solicitor
230 South Dearborn St.
Room 844
Chicago, IL 60604
Tel. (312) 353-6972
Fax. (312) 353-5698
Ishu.Mark.H@dol.gov
sol-chi@dol.gov


**FOR THE DEFENDANTS:**


/s/ John Peterson                              DATED: 2/28/2022
**JOHN PETERSON**


/s/ Andrew Basara                              DATED: 2/28/2022
**ANDREW BASARA**


/s/ John Peterson                              DATED: 2/28/2022
**WHITE STONE CONSTRUCTION, INC.**

**By:** John Peterson
**Its:** President & CEO

6